
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIO ULLOA-GOMEZ,

              Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

              Respondent.

No.   15-72001

Agency No. A205-296-992

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2018[**]
Portland, Oregon

Before: RAWLINSON and NGUYEN, Circuit Judges, and SILVER,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Petitioner Julio Ulloa-Gomez seeks review of the Board of Immigration Appeals's ("BIA") denial of asylum and withholding of removal, and the BIA's failure to reinstate his voluntary departure.[1] Ulloa-Gomez maintains that he will be persecuted in Mexico because men once beat him there, and he will be targeted as a Mexican citizen returning after a lengthy stay in the United States. He also argues that the BIA should have reinstated the Immigration Judge's ("IJ") grant of voluntary departure because he paid his voluntary departure bond, even though he did not provide the required proof of payment to the BIA.

We have jurisdiction to review Ulloa-Gomez's petition for review. 8 U.S.C. § 1252. We review factual findings under the deferential substantial evidence standard. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

1. Substantial evidence supported the IJ's and BIA's findings that Ulloa-Gomez was not entitled to asylum or withholding of removal. Ulloa-Gomez failed to demonstrate a nexus between any previous abuse he suffered and his membership in a protected social group. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010). Also, even assuming that Ulloa-Gomez's status as a Mexican citizen returning from the United States is a protected ground for asylum

---

[1] Ulloa-Gomez does not advance any argument in support of his claim for relief under the Convention Against Torture ("CAT"). We therefore decline to reach the issue. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

or withholding of removal, Ulloa-Gomez failed to present evidence that people who return to Mexico from the United States are persecuted.

2. The Attorney General is authorized to require aliens to prove that they paid their voluntary departure bond before the BIA will reinstate an IJ's grant of voluntary departure on appeal. 8 C.F.R. § 1240.26(c)(3)(ii). Requiring proof of bond payment upon appeal to the BIA is a reasonable exercise of the Attorney General's statutory authority to "limit eligibility for voluntary departure." 8 U.S.C. § 1229c(e); *cf. Garfias-Rodriguez v. Holder*, 702 F.3d 504, 526–27 (9th Cir. 2012) (en banc) (finding that Attorney General could terminate a grant of voluntary departure if the alien petitioned for review of a BIA decision because such termination constitutes "a limitation on eligiblity for voluntary departure for a class of aliens–those who wish to remain in the United States while appealing from the BIA's decision").

Here, Ulloa-Gomez failed to prove to the BIA that he paid his voluntary departure bond after he appealed the IJ's decision. The BIA properly concluded that it could not reinstate the IJ's grant of voluntary departure. 8 C.F.R.

3

§ 1240.26(c)(3)(ii).[2]

**PETITION FOR REVIEW DENIED.**

---

[2] Since it is irrelevant to this appeal whether Ulloa-Gomez actually paid the bond, and we generally may not consider material not presented to the BIA, 8 U.S.C. § 1252(b)(4)(A), Ulloa-Gomez's motion for judicial notice [Dkt. 8] is DENIED.